Form 1, P1 (11-92)

**FORM 1 VOLUNTARY PETITION**

| United States Bankruptcy Court District of | VOLUNTARY PETITION |
|---|---|

| IN RE (Name of debtor-If individual, enter Last, First, Middle) Amable RAMIREZ | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) n/a |
|---|---|
| ALL OTHER NAMES used by debtor in the last 6 years (Include married, maiden and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (Include married, maiden and trade names.) n/a |
| SOC. SEC./TAX I.D. NO. (If more than one, state all) 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 | SOC. SEC./TAX I.D. NO. (If more than one, state all) n/a |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) 18 Howard Street 2nd fl New Brunswick NJ 08901 | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip) n/a |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS Middlesex | IMAGED BY |
| | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
| MAILING ADDRESS OF DEBTOR (If different from street address) same | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
| | DATE 7-31-701 |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above) | ☐ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of the petition or for a longer part of such 180 days than in any other District. ☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District. |

**INFORMATION REGARDING DEBTOR (Check applicable boxes)**

| TYPE OF DEBTOR | | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box) |
|---|---|---|
| ☒ Individual ☐ Joint (H&W) ☐ Partnership ☐ Other _____ | ☐ Corporation Publicly Held ☐ Corporation Not Publicly Held ☐ Municipality | ☒ Chapter 7  ☐ Chapter 11  ☐ Chapter 13 ☐ Chapter 9  ☐ Chapter 12  ☐ § 304-Case Ancillary to Foreign Proceeding |

NATURE OF DEBT
☐ Non-Business Consumer   ☐ Business - Complete A&B below

FILING FEE (Check one box)
☒ Filing fee attached.
☐ Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the courts consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b), see Official Form No. 3

A. TYPE OF BUSINESS (check one box)
☐ Farming  ☐ Transportation  ☐ Commodity Broker
☐ Professional  ☐ Manufacturing/Mining  ☐ Construction
☐ Retail/Wholesale  ☐ Real Estate
☐ Railroad  ☐ Stockbroker  ☐ Other Business

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
Anna C. Little Esq.
300 kimball Street suite 106
Woodbridge NJ 07095
Telephone No.

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR
Anna C. little Esq.

☐ Debtor is not represented by an attorney. Telephone no. of debtor not represented by an attorney. ( )

STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604) (Estimates only) (Check applicable b_____)

☐ Debtor estimates that funds will be available for c_____
☒ Debtor estimates that after any exempt property _____ expenses paid, there will be no funds available f_____

ESTIMATED NUMBER OF CREDITORS
☒ 1-15  ☐ 16-49  ☐ 50-99  ☐ 1__

ESTIMATED ASSETS (in thousands of dollars)
☐ Under 50  ☐ 50-99  ☐ 100-499  ☐ 500-999  ☐ 1__

ESTIMATED LIABILITIES (in thousands of dollars)
☐ Under 50  ☐ 50-99  ☐ 100-499  ☐ 500-999  ☐ 1__

ESTIMATED NUMBER OF EMPLOYEES - CH 11 &
☐ 0  ☐ 1-19  ☐ 20-99

ESTIMATED NO. OF EQUITY SECURITY HOLDE_
☐ 0  ☐ 1-19  ☐ 20-99

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY

| | | RECEIPT |
|---|---|---|
| Case # 01-58890 tRTL | Chapter 7 | # 000151798 - NJ |
| Filed: 10:08 AM, 07/30/01 | Trenton | 12:36 PM, July 30, 2001 |

| Code | Qty | Amount |
|---|---|---|
| NF | 1 | $30.00 |
| 07 | 1 | $170.00 |

Judge: Raymond Lyons
Trustee: John M. McDonnell
Debtor(s):
  Amable Ramirez

ORIGINAL

**First Meeting of Creditors**
02:00 PM, August 22, 2001
Trenton - chapter 7
U.S. Courthouse
402 East State Street, Room 129
Trenton, NJ 08608-1507

**TOTAL PAID: $200.00**
From: Anna C. Little
300 Kimball Street
Suite 106
Woodbridge, NJ 07095-0000

3

Name of Debtor __Amable RAMIREZ_____ Case No. _____

(Court use only)

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate box.

☐ A copy of debtor's proposed plan dated _____  ☐ Debtor intends to file a plan within the time allowed by statute, rule, or order of the court.

## PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| | | |

## PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THIS DEBTOR (If more than one, attach additional sheet.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| | | |
| Relationship | District | Judge |
| | | |

## REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter of title II, United States Code, specified in this petition.

## SIGNATURES

### ATTORNEY

X _[signature]_     Date  7/26/01
Signature

### INDIVIDUAL /JOINT DEBTOR(S)

I declare under penalty of perjury that the information provided in this petition is true and correct.

X _Amable Ramirez_
Signature of Debtor
Date  7/26/01

X _____
Signature of Joint Debtor
Date

### CORPORATE OR PARTNERSHIP DEBTOR

I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized.

X _____
Signature of Authorized Individual

_____
Print or Type Name of Authorized Individual

_____
Title of Individual Authorized by Debtor to File this Petition
Date

### EXHIBIT 'A' ( To be completed if debtor is a corporation requesting relief under chapter 11.)

☐ Exhibit 'A' is attached and made a part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, exhibit 'B' has been completed.

X _Amable Ramirez_     Date  7/26/01
Signature of Debtor

X _____     Date
Signature of Joint Debtor

### EXHIBIT 'B' (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they ) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _[signature]_     Date  7/26/01
Signature of Attorney

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF** NEW JERSEY

In re: Amable RAMIREZ

Debtor(s)     Case No.     (If Known)

See summary below for the list of schedules. Include Unsworn Declaration under Penalty of Perjury at the end.

GENERAL INSTRUCTIONS: Schedules D, E and F have been designed for the listing of each claim only once. Even when a claim is secured only in part, or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | Y | 1 | 0.00 | | |
| B - Personal Property | Y | 1 | 3300.00 | | |
| C - Property Claimed as Exempt | Y | 1 | | | |
| D - Creditors Holding Secured Claims | Y | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Y | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Y | 11 | | 66,097.50 | |
| G - Executory Contracts and Unexpired Leases | Y | 1 | | | |
| H - Codebtors | Y | 1 | | | |
| I - Current Income of Individual Debtor(s) | Y | 4 | | | 1218.25 |
| J - Current Expenditures of Individual Debtor(s) | Y | 1 | | | 1130.00 |
| Total Number of Sheets of All Schedules | | 23 | | | |
| Total Assets | | | 3300.00 | | |
| Total Liabilities | | | | 66,097.50 | |

In re: **Amable RAMIREZ**

| | Debtor(s) | Case No. | (If known) |

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| none | | | | |

Total -> $ 0.00   (Report also on Summary of Schedules.)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | 0 | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | 0 | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | $200.00 TV $250.00 Sterio $350.00 bed and dresser | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | 0 | | | |
| 6. Wearing apparel. | | $500.00 clothes | | |
| 7. Furs and jewelry. | 0 | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | 0 | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | 0 | | | |

Form B6B   B2 (6-90)   Julius Blumberg, Inc. NYC 10013

**SCHEDULE B — PERSONAL PROPERTY**

In re: **Amable RAMIREZ**

Debtor(s)          Case No.                    (if known)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | O | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | O | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | O | | | |
| 13. Interest in partnerships or joint ventures. Itemize. | O | | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | O | | | |
| 15. Accounts receivable. | | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | O | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | O | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | O | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | O | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | O | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | O | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | O | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | $2000.00 Car | | |
| 24. Boats, motors, and accessories. | O | | | |
| 25. Aircraft and accessories. | O | | | |
| 26. Office equipment, furnishings, and supplies. | O | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | O | | | |
| 28. Inventory. | O | | | |
| 29. Animals. | O | | | |
| 30. Crops - growing or harvested. Give particulars. | O | | | |
| 31. Farming equipment and implements. | O | | | |
| 32. Farm supplies, chemicals, and feed. | O | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total -> | $ 3300.00

_____ continuation sheets attached

Form B6 C (6/90)

Julius Blumberg, Inc. NYC 10013

In re:  Amable RAMIREZ
                                                                    Debtor(s)          Case No.                              (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Clothing | 11 U.S.C. 522 (b)(1) | $500.00 | |
| Bed and Dresser | 11 U.S.C.522 (b)(1) | $350.00 | |
| Television | 11U.S.C. 522 (b)(1) | $200.00 | |
| Radio | 11 U.S.C. 522 (b)(1) | $250.00 | |
| Car | 11 U.S.C. 522 (b)(1) | $2000.00 | |

Form B6-D (6-90)                    Julius Blumberg, Inc., NYC 10013

In re:   **Amable RAMIREZ**                              Debtor(s)      Case No.            (if known)

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CUD | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |

_____  continuation sheets attached

Subtotal -> (Total of this page)     $

Total -> (use only on last page)     $

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

3072 © 1991 JULIUS BLUMBERG, INC., NYC 10013

In re:  *Amable RAMIREZ*    Debtor(s)    Case No.    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief, 11 U.S.C. § 507 (a) (2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a) (5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507 (a) (6)

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a) (7).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a) (8).

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D * | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| | | | Subtotal -> (Total of this page) | | $ | |
| | | | Total - > (use only on last page of the completed Schedule E) | | $ | |

_____ Continuation sheets attached.

* If contingent, enter C; if unliquidated., enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

3072-E

# CAPITAL BONDING CORPORATION

Si Necesita Hablar Espanol Por
Favor Yamar A Rosa - Ext - 280

**Collections Department**
**525 Penn Street**
**Reading, PA 19601**

Phone: (610) 372-8811
(800) 233-9894
Fax: (610) 372-9165

6/13/01

Amable Ramirez
18 Howard Street 2nd Floor
New Brunswick, NJ 08901

## NOTICE OF BAIL FORFEITURE

**RE:** **Defendant**: Jose Alexander       **ID #**   295852

This letter is to advise you that Capital Bonding Corporation has received notification from the courts that the defendant has failed to appear at a scheduled hearing. **As a result of the forfeiture, the full amount of the bond and fees are due immediately**. As indemnitor on the bond, you are responsible for payment.

### Balance Due: $66,097.50

Please contact this office immediately to confirm payment or to make arrangements for resolution of the outstanding balance due. Payments may be made in the form of cash, checks, money orders, credit cards and Western Union.

**Mail payment to:**           **Capital Bonding Corporation**
**Attn: Dee-Collection Dept.**
**525 Penn Street**
**Reading, PA. 19601**

Unless you contact this office to make a resolution, we will be forced to initiate further collection procedures. This may include placing the debt with an outside collection agency, adding a collection charge and placing the debt against your permanent credit history. This could incur further attorney fees. Judgment could be placed against you. Delays will not be helpful towards resolution of this situation.

Your immediate response is anticipated.

Dee
Collection Department
1-800-233-9894/610-372-8811 Ext 243

# CAPITAL BONDING CORPORATION

| Collections Department | Phone: (610) 372-8811 |
|---|---|
| 525 Penn Street | (800) 233-9894 |
| Reading, PA  19601 | Fax: (610) 372-9165 |

## FAX TRANSMISSION

|  |  |
|---|---|
| **TO:** | Attorney Anna Little |
| **FROM:** | Dee - Collections |
| **RE:** | Amable Ramirez |
| **DATE:** | 6/29/01 |
| **# OF PAGES:** | 10 |

Dear Attorney Little,

Thank you for calling in reference to your client Amable Ramirez.  Following this cover sheet you will find all paperwork that your client signed when he bailed Jose Alexander from jail on January 3, 2000.

I am also including a copy of the forfeiture notice from Superior Court of New Jersey that shows the defendant missed a court date on May 5, 2000.  The final page is a copy of the check that shows we paid $65,000.00 to New Jersey.

The balance that your client owes is $66,097.50.  This is composed of attorney fees of $847.50, risk management fee of $250.00 and the bond amount of $65,000.00.

Please review the documentation and give me a call after you review them with Mr. Ramirez.  I will be out of the office July 2 through July 4, 2001.  You can call and speak with my supervisor, her name is Maureen and she is at Ext 239.

Thank you,


Dee
Collection Department
610-372-8811 Ext 243

CONFIDENTIALLY NOTICE: The information contained in this facsimile message is *LEGALLY PRIVILEGED & CONFIDENTIAL* information intended only for the use of the person named above.  If this message is received by other than the intended recipient, you are hereby notified that *ANY DISSEMINATION, DISTRIBUTION OR COPYING* of this message *IS STRICTLY PROHIBITED*.  If you have received this in error please notify us immediately by telephone and return the original message to us at the above address via U.S. Postal Service.  Thank you.

# CAPITAL BONDING CORPORATION

525 Penn Street
Reading, PA 19601

(610) 372-8811
(800) 233-9894
FAX: (610) 372-4076

## INDEMNITOR PERSONAL INFORMATION

Defendant: Jose Alexander   LIC100-1175426   65,000.

Years you have known the Defendant: 4 years

Relationship to Defendant: Friend

YOUR INFORMATION FROM HERE DOWN:

Indemnitor's Name: Amable Ramirez

Indemnitor's Address: 18 Howard St 2nd floor New Brunswick, N.J 08901

Social Security #: 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   Date of Birth: 9/25/71

Home Phone Number: (732) 418-1352

Occupation: Bed Warehouse   Company's Name: Sleep Company

Work Address (include street address, city, state and zip code:

1375 Jersey Ave. New Brunswick, N.J 08901

Work Phone Number:

Type of Identification: Drivers License   ID#: R 2465 0366409711

X Amable Ramirez                    1/3/00
Indemnitor's Signature              Date

Agent's Signature                   1-3-2000
                                    Date

Case 01-58890-RTL    Bail Bond Application    07/30/01    Entered 07/30/01 15:05:00    Desc
Legion Insurance Company
Consedophia format (10027160)    Page 1 of 2
P. o. Number
Agent

I hereby apply to you to act as my bail in the _New brunswick_ Court of _Middlesex_ County.
_New Jersey_ State, wherein I am charged with the offense of _Agg assault_
I understand and agree that you, as my bail, shall have control and jurisdiction of me during the term for which the bond is executed and that you will have the right to surrender me on this bond at any time you may desire.

Any questions must be answered in full, or delay will occur. All information confidential.

Print full name _Jose_ _Alexander_ Phone _732-524-1281_
First Name    Middle Name    Last Name
Residence Address _353 Hardy St. New Brun_ Mailing Address _SAME_
Personal Description: Weight _189_ Height _15'3"_ Color _Brown_ Color of Eyes _Brown_
Color of Hair _Brown_ Complexion _____ Peculiar Marks _____
Date of Birth _Nov 17 81_ Place of Birth _Mexico City_ Social Security No _Legal Alien_
(Month) (Day) (Year)
Draft Registration No _N/A_ Board No. _N/A_ Place _N/A_ Classification _N/A_
What is your Nick-Name? _N/A_ Occupation _Recycling_
What is your Alias or Aliases? _N/A_ Attorney's Name _____
What nationality and race are you? _Mexican_ Drivers License No. _____
☐ Married  ☒ Single  ☐ Widow(er)  ☐ Divorced  ☐ Separated
Wife's (or Husband's) Name _N/A_
Number of Children _N/A_ Names, ages and addresses _____

How long have you resided here? _1 year_ Previously where? _Mexico_

Do you ☐ own or ☒ rent the house in which you live? _____ In whose name? _Victor Diaz_
Make and type of Auto _Honda Civic_ Amount owing _N/A_ To whom _____
When and where did you buy car? ☐ Yes ☒ No What company? _____ Whom payable? _____
Do you carry life insurance? ☐ Yes ☒ No What company? _____ Whom payable? _____
Name of employer _Unemployed_ Address of employer _Unemployed_
Give names of any club, lodge, society, association, fraternal or beneficial organization of which you are a member or officer _____

State how you have been occupied during past ten years, whether employed or not _____

| Personal References | Known Years | Occupation | Post Office Address |
|---|---|---|---|
| (1) Miguel Alberto | 10 years | (732) 289-1837 | 716 Georges Road. New Brunswick, N.J. 08901 |
| (2) Juan Ozcona | 8 years | (732) 846-0031 | 138 Remsem Ave. " " |
| (3) Dario Cruz | 9 years | (732) 246-0363 | 90 Redmond St. " " |

| Relatives (if not living, nearest relative) | Occupation | Street Address City and State |
|---|---|---|
| Father | | |
| Mother | | |
| Brother | | |
| Sister | | |
| Father-in-Law | | |
| Mother-in-Law | | |
| Cousin | | |

Date _1-3-2000_
Picture must accompany each application
Premium On This Bond is Not Returnable

Signature of Defendant
Defendant must also sign indemnity agreement.

## Indemnity Agreement

In consideration of the Legion Insurance Company (hereinafter called the Company) executing or procuring the execution or guaranteeing or continuing the bond described in the foregoing statement, or any instrument thereof, we, the undersigned jointly and severally covenant and agree as follows:

First. That we will immediately pay to the company its premium for the issuance of said bond, _____ per cent thereof and a like amount each year hereafter in advance until we shall serve upon the Company competent written legal evidence, satisfactory to the Company, of its discharge from such bond or liability and so liability thereunder. That said premium paid for this bond is not returnable except as hereinafter provided in Paragraph Said. Said premium charge shall be the risk undertaken by the Company, and does not cover any disbursements or special services that may be incurred for the protection of the Company.

Second. That he undersigned will at all times indemnify and hold and save the Company indemnified and hold and save it harmless from and against any and all losses, demands, liabilities and expenses of whatsoever kind or nature, including attorneys', counsel and detective fees and expenses, costs, fines and reception expenses, which it shall at any time sustain or incur, by reason, or in consequence, of having executed the said bond or undertaking herein applied for, and whether such losses or expenses arise directly on said bond or indirectly by reason of any action taken by the Company to protect its interests, and will pay over, reimburse, and make good to the Company its interests, loss, expenses, and damages, or any liability that it may sustain. That the undersigned will be liable to pay, under its obligation against said bond or undertaking, or as sums and amounts of money which the Company or its agents shall pay or cause to be paid or become liable to pay, under its obligation against said bond or undertaking, or as charges, expenditures, disbursements of whatsoever kind or nature, including attorneys', counsel and detective fees and expenses, costs, fines and reception expenses and any disbursements made or charges by the Company by reason of the execution of said bond and any any expenses required by the Company in the investigation of any claim made under said bond or undertaking, whether such claim is valid or not, in connection with any litigation, investigation, or other matters connected therewith, such payment to be made to the Company as soon as it shall have become liable therefor, whether it shall have paid said sum or any part thereof or not. That if any claim shall be made upon the Company under said bond or undertaking, and it is the judgment of the Company that it may be called upon to make a payment of payments under said bond. The undersigned acknowledges and agrees to pay in cash to the Company immediately upon demand therefor, the amount of such claim or the amount that the Company believes it should be placed in funds to meet any expected payment or payments. We further agree that we will place the Company in funds to meet every claim, demand, liability, or judgment against it by reason of, or in connection with, the said bond, before the Company shall be required to pay thereunder and for the purpose of so doing, the Company shall have the right to choose any collateral or security given it, and to enter any confession of judgment in its possession and to have execution thereon and to procede which in supplementary proceedings under said judgment deposit or any third party involved in, or holding the property of the judgment debtor, and in connection with such supplementary proceedings to make demands upon such judgment debtor or third party to turn over the property of the said judgment debtor, and for such purpose, to procure the appointment of a Receiver or in the advance of a court order authorizing or directing the property of the judgment debtor to be turned over to the Company as judgment creditor or to the Receiver appointed as aforesaid. The

B40007 (2-99)    Page 1 of 2

**You Are Assuming Specific Obligations. Please Read Carefully.**

Company shall be entitled to collect from the undersigned any and all disbursements for filing papers to protect the Company, and a service charge for services rendered and time spent in the remission of any forfeiture or in the refund of any money paid thereon or for any other event where special services have been rendered in connection with the bond, or situations arising thereunder. The liability of the undersigned and the indemnity herein provided for, shall be unrevocable, and shall continue in force and effect until there shall have been served upon the Company competent written legal evidence satisfactory to it of its discharge from its obligation and of liability thereunder.

**Third.** That in any suit between the undersigned and the Company to recover any sum of money under the agreements, the voucher/s of other evidence showing payment by the Company of any sum of money under and by virtue of said bond or undertaking, whether in payment of a valid claim or not, or the payment of any disbursements in connection with any suit or invalid claim made under said bond or undertaking, shall be conclusive evidence against us for the said bond the amount of our liability to the Company hereunder. That in any accounting that may be had between us and the Company, the Company shall be entitled to credit for any and all disbursements or expenditures in connection with the bond hereon, made by it in good faith under the belief that it was liable for the sums so expended or that it was expedient to make such disbursements, whether such liability or expediency existed or not.

**Fourth.** The undersigned pledge any collateral security deposited by them and authorize the Company to apply or sell the same to reimburse it for any and all damages, loss, cost, charges and expenses of whatsoever kind or nature including any reasonable service charge or attorney's fee, which it may sustain or incur by reason of having executed the bond herein applied for, or by reason of any failure on the part of the said principal or this depositor to comply with the terms and conditions of the bond herein contained, and to hold, apply or sell the same, or any part thereof, in present or hereafter it by reason of the execution hereunder or hereafter of any other bond for or on behalf of the principal or the depositor and to apply and sell the same for the purpose of placing said funds or protecting itself against any claim, demand or loss under said bond or any other bond executed on behalf of the principal or depositor. The Company may sell such sale, at its discretion at public or private sales and without demand, notice or advertisement of the time and place of such sale, and give unto the right to purchase said collateral at such sale or sales, freed and discharged from any equity of redemption. The Company shall not be liable for the depreciation of said collateral, nor for interest thereon and in the event of depreciation of said collateral at any such instant, at its own discretion, which may be hereafter deposited with the Company by its principal, additional collateral shall be given to the Company so that the said market value of the collateral shall at all times, be equal to the present market value of the collateral deposited. If the Depositor fails, on the request of the Company, to deposit such additional collateral, the Company shall have the full right, power and authority, without further demand or notice, to sell, assign and deliver the whole or any part of such collateral, subject to said collateral at public or private sale, at its option, and without demand, notice or advertisement, and also with the right to purchase said collateral at such sale, freed and discharged from any such sale, freed and discharged from an equity of redemption. The Company will return to the Depositor which in receipt of competent written legal evidence satisfactory to it of its discharge or release from its liability under said bond, under the proceeds, however that there shall not be outstanding any loss, cost, damage, charges or expenses of whatsoever kind, including premium charges and under further expose that there be outstanding no other bonds or obligations executed by, for or on behalf of said principal or depositor in connection with which the Company may deem it advisable to retain said collateral for its protection. And until the further provisio that the Company shall have the right to demand a General Release from the Depositor upon the return of collateral. That if the Company deems it necessary to make any outlay to protect any collateral or security in its possession, whether the same be real or personal property, it is hereby authorized so to do and the undersigned agree to indemnify and reimburse the Company for an such outlay as in the judgment of the Company may necessary to protect its collateral or security, including payment of taxes or liens or mortgages and any attorney or counsel fees or service fees or time spent and/or special services rendered.

**Fifth.** That if a deed to a parcel of property be pledged as security with the Company, for the execution of any bond and should the Company become liable to pay on said bond, said Company shall have the right in an action at decision said deeds Mortgage and foreclose same to move for the appointment of a Receiver of the rents and profits of said premises without notice to the owner of the property and such rents and profits are hereby assigned to the Company as further security with a payment of the indebtedness. The undersigned hereby assigns, transfers and sets over unto the Company all right, title and interest in and to any policies of fire insurance on any real estate upon which deed or mortgage has been given by the undersigned and do hereby ask and interest of the undersigned in and to any equity or actions of fire insurance that may be held by the mortgagee on the said real estate. If a concession of judgment is taken in connection with this bond, the Company shall have the right to enter and file the same at any time and such judgment shall be a lien and entitled to a preference against any property of the undersigned whether or not the Company is indemnified at the time of the filing or entry of such judgment. In case a confession of judgment is filed by the Company against any of the undersigned, the judgment entered thereupon shall be effective and available to the Company against any of the undersigned not only in connection with the bond applied for but as well in connection with any other bond that may have been written by the Company in which any of the undersigned are either principal or indemnitor.

**Sixth.** That the Company shall have the right at any time, and for any reason satisfactory to it, to surrender the principal of the bond to surrender and to effect all relates thereunder. In the event of the failure of the principal of the bond to appear in court, or at the office of the Company whenever so assumed or in the event of the arrest of the aforesaid on premise charge, or on the terms charge with an excess of bail or when the case against the defendant is marshal for trial or in the event of the failure of the undersigned to comply with the covenants or this agreement or whenever the said Company shall be requested to surrender the defendant by any indemnitor, or if the financial condition of any indemnitor shall be found to be false or untrue, or if any of the collateral security given shall depreciate or have become impaired, the Company shall have the right to surrender the defendant without the return of any portion of the premium and all expenses shall be for account of the undersigned who shall also be responsible for the responsibilities of any indemnitor while any one of the Company's employed.

**Seventh.** That no act or omission of the Company in modifying, amending, altering or extending the instrument as executed by the Company shall in any wise affect our liability hereunder, nor shall we or any of us be released from this obligation by reason thereof. We agree that the Company may alter change or modify, affect, release or change the undertaking and may execute renewals thereof or other and new obligations in its place or in lieu thereof and without notice to us, notice being expressly waived, and if any such case, we and all security given by us shall be liable to the Company as fully and to the same extent on account of any such altered, changed, modified, amended, altered or extended instrument, of such renewals thereof or other or new obligation, as if in place or in lieu thereof, whenever and as often as made, as fully as if against us in the first instance. The Company shall have the right to substitute or release any collateral and notice to us and without in any way affecting our right against us or against the balance of the collateral retained. The Company and its agents or representatives shall have the right, and we hereby authorize it to fill up any blank or blanks left in this application or in any other paper of indemnity, and to correct any errors in filling up any such blank or blanks if being hereby agreed that any such insertion or correction shall be prima facie correct.

**Eighth.** That it shall not be necessary for the Company to give us, or any of us, notice of any suit, act, fact or information coming to the notice or knowledge of the Company concerning or affecting its rights or liability under any such bond or undertaking by it so executed or our rights or liabilities hereunder, notice of all such being hereby expressly waived. That the recovery by the Company of any judgment against us shall not bar it from procuring any other judgment or judgments hereunder against us, provided the Company did not recover prior thereto the particular loss or claim sued for, the intention being that the Company may separate into as many suits as it deems best, any and all claims which it may have against us under this agreement.

**Ninth.** That all collateral securities or indemnity papers, at any time possessed with or in the possession of the Company shall be available in our behalf and for its benefit and relate as well concerning any and all former or subsequent bonds or undertakings executed by us, or at the instance of us, or any bond or undertaking concerning which collateral securities or indemnity papers shall have been made, deposited or given, and shall also be available to cover any disbursement, expenditure or outlay made by any agent or attorney in fact of the Company in and about said bond or to prevent a forfeiture thereof or to pay any fine imposed on the defendant or to procure the return of the defendant whose bond has been forfeited.

**Tenth.** That in any suit is there is any failure or loss of any nature whatever to the Company upon the bond applied for herein, the undersigned will not make any transfer, or any attempted transfer of any of the property given as security to which the undersigned may subsequently acquire, or of any interest therein, and is further agreed that the Company shall have a lien upon all property of the undersigned for any sums due it or for which it has become, or may become, liable by reason of its having executed the bond applied for herein.

**Eleventh.** That none of the securities given by us shall be returned nor shall be released from any liability, until we shall have furnished from any liability, until we shall have received competent written legal evidence satisfactory to it, of our full discharge from liability under said bond and the Company shall have a reasonable period after such proof to return any collateral given by us, which shall be given to be about to pay. The Company expressly reserves the right to retain collateral security unless the collateral deposit secured by it on account of the collateral security is to be secured by the person to whom it was issued, or a Surety Company shall satisfactory to this Company is given in double the value of said collateral.

**Twelfth.** That in no event is the surrender of the defendant by the undersigned to the Surety Company to be construed a release under the obligation of this surety unless said surrender shall have been made by the production of the defendant to the Trial Term of the Court wherein the defendant is notified to appear for the day scheduled for his appearance, and continuously thereafter until discharged and/or sentenced by the Court, and the liability of the Company on its bond or undertaking is cancelled.

**Thirteenth.** The undersigned hereby agree that no understanding, promise or agreement not contained herein shall be binding upon any of the parties hereto and this undersigned hereby specifically waive all representations, promises, agreements and understandings of every kind or character not made set forth in writing and agree that no agent or representative has authority to vary the terms of this contract or make any representation or promise or agreement not contained herein unless the same is in writing and signed by an officer of Legon Insurance Company.

**Fourteenth.** That in the event that said criminal defendant escapes from the custody of the Surety and is subsequently captured in a state of the United States other than the one in which the charge was filed or in a foreign country, and provided said criminal defendant is also one of the indemnitors hereof, such criminal defendant does hereby agree to return voluntarily to the State of origin jurisdiction, even though bail bond liability on said bond is said may be discharged and the time for the setting aside thereof shall have expired, all does hereby waive extradition proceedings and further consents to the aforesaid at such time as it may be necessary to effect such return.

**Fifteenth.** It is specifically understood and agreed that irrespective of the domicile or legal residence of any of the parties herein any use of collateral herein upon construction, interpretation and enforcement of this contract and of the aforesaid or aforesaid of surety/ship executed hereunder.

**Sixteenth.** That these covenants shall be binding not only upon us, jointly and severally, but as well upon our respective heirs, executors, administrators, successors and assigns

I certify that the above true and correct. I further understand this is an application for a type of credit, and authorize review of my credit history via credit reporting agency checks.

In Testimony Whereof we have hereunto set our hands and affixed our seals this _____ day of __January__ 19__2000__

_____ (SEAL)    _____ (SEAL)
Signature of Indemnitor                      Signature of Defendant

Address _____              _____ (SEAL)
                                              Signature of Agent + Witness

_____ (SEAL)       _____ (SEAL)
Signature of Indemnitor                       Signature of Agent + Witness

Address _____              Address _____

940057 (2-89)                                                          Page 2 of 2

**CAPITAL BONDING CORPORATION**

325 Penn Street
Reading, PA 19601
(800) 233-9894
FAX: (610) 372-4076

## SECURITY AGREEMENT, SURETYSHIP AND CONFESSION OF JUDGMENT

### "Indemnitor"

This Security Agreement, Suretyship and Confession of Judgment Agreement ("Agreement") is given this __3__ day of __Jan.__ 19__ _2000_ by _Amable Ramirez_ ("Surety") to Capital Bonding Corporation.
(Name of Indemnitor)

### Background

Surety has executed a Bail Bond Application ("Bond") with the Bondsman as Indemnitor for _Jose Alexand_ ("Defendant").
(Name of Defendant)

The Bond provides that if Defendant does not appear before the _Naahouse_ ___ Court of _Middlesex_ County, State of _New Jersey_ (the "Court") at any time required by the Court, the Bondsman will pay to the Court the amount of the Bond.

In order to induce the Bondsman to issue the bond, the Surety has entered into this Agreement and agrees and consents to the terms of this Agreement in all respects.

NOW, THEREFORE, intending to be legally bound hereby, the Surety hereby agrees as follows:

(1)   Background: The Background section is a material and integral part of this Agreement, and the terms thereof are hereby incorporated herein and deemed a substantive part hereof.

(2)   Reimbursement: Surety agrees to reimburse Bondsman for all expenditures made or anticipated to be made by the Bondsman to any Court, insurance company, private detective, professional locator and party as a result of the Defendant's failure to appear before the Court at any place required by the Court. Such reimbursement shall occur not later than ten (10) days after the date that the Bondsman provides written notice ("Notice") to the Surety of such expenditure or anticipated expenditures.

(3)   Notice. The Notice shall be written, and shall set forth the amount that has been paid by the Bondsman, or that the Bondsman anticipates paying, as a result of the Defendant's failure to appear at Court or at a place ordered by the Court. The Notice shall be deemed to be given when deposited in the United States mail, postage pre-paid, and addressed to the Surety at the address identified at the end of this Agreement. If the Surety moves, or for any other reason wishes to change the address to which the Notice should be given, the Surety must do so in writing at least ten (10) days prior to the effective date of the new address.

(4)   Default: A default shall be deemed to have occurred under this Agreement if the Surety does not pay to the Bondsman, within ten (10) days of the date of the Notice required to be given by Section 2 hereof, the full amount of any sums that have been paid or are anticipated to be paid by the Bondsman as a result of the Defendant's failure to appear in Court or at any place ordered by the Court.

(5)   Remedies. Upon the occurrence of default as set forth in Section 4 hereof, the Bondsman shall have the right to pursue any of the following remedies against the Indemnitor.

(a)   To institute an action against the Surety in any court of competent jurisdiction for the amounts that the Surety is obligated to pay to the Bondsman pursuant to this Agreement, and for all costs and expenses, including but not limited to attorney's fees, reasonably incurred by the Bondsman arising therefrom.

(b)   To bring an action against the Surety for possession of any property of the Surety, either real or personal, pledged by the Surety pursuant to Section 5 and 6 of this Agreement.

(c)   To confess judgment against the Surety, in accordance with the provisions of this paragraph.

THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF ATTORNEY FOR AN ATTORNEY TO CONFESS JUDGMENT AGAINST THE SURETY. IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE SURETY, THE SURETY HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, AND AFTER CONSULTING WITH SEPARATE COUNSEL FOR THE SURETY, OR AFTER HAVING CONSULTED WITH SEPARATE COUNSEL FOR THE SURETY, UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS THE SURETY HAS OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES, THE COMMONWEALTH OF PENNSYLVANIA, OR ANY OTHER STATE, BY EXECUTING THE SIGNATURE BLOCK BELOW, ACKNOWLEDGES THAT THE SURETY HAS READ AND COMPREHENDS FULLY THE EFFECT OF THIS WARRANT OF ATTORNEY.

SURETY _Amable Ramirez_ _____(SEAL)

THE SURETY HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA OR ELSEWHERE TO APPEAR FOR AND TO ENTER AND CONFESS JUDGMENT AGAINST THE SURETY, AT ANY TIME OR TIMES, AND AS OF ANY TERM, FOR ALL AMOUNTS OWING UNDER THE TERMS OF THIS AGREEMENT, INCLUDING BUT NOT LIMITED TO PRINCIPAL, COSTS AND FEES, WITH OR WITHOUT DECLARATION, WITH COSTS OF COLLECTION AND SUIT, WITHOUT STAY OF EXECUTION, AND WITH ATTORNEY'S FEES OR TWENTY PER CENT (20%) OF THE UNPAID PRINCIPAL AMOUNT, BUT IN NO EVENT LESS THAN THE SUM OF THREE THOUSAND AND 00/100 DOLLARS ($3,000.00). THE SURETY HEREBY IRREVOCABLY RELEASES THE BONDSMAN AND COUNSEL FOR THE BONDSMAN FROM ALL ERRORS AND DEFECTS WHATSOEVER IN ENTERING ANY SUCH JUDGMENT. THE SURETY AGREES THAT ANY PROPERTY OWNED BY THE SURETY, WHETHER IN THE SURETY'S SOLE CAPACITY OR JOINTLY WITH ANY OTHER INDIVIDUAL, CORPORATION, PARTNERSHIP OR ANY OTHER ENTITY, MAY BE LEVIED UPON TO COLLECT SUCH JUDGMENT AND MAY BE SOLD UPON A WRIT OF EXECUTION, AND HEREBY WAIVES AND RELEASES ALL LAWS, NOW OR HEREAFTER IN FORCE, RELATING TO EXEMPTION, APPRAISEMENT, OR STAY OF EXECUTION. THE AUTHORITY HEREBY GRANTED TO CONFESS JUDGMENT SHALL NOT BE EXHAUSTED BY A SINGLE OR PARTIAL EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL THE SURETY HAS PAID AND SATISFIED ALL SUMS REQUIRED TO BE PAID UNDER THIS AGREEMENT, AND UNTIL THE SURETY HAS PERFORMED ALL OTHER PROVISIONS HEREOF TO BE PERFORMED BY THE SURETY.

(d)   File and prosecute a suit against the Surety, at law or in equity, in any court of competent jurisdiction chosen by the Bondsman, for all amounts owing under this Agreement, or to compel the Surety to comply with any term of this Agreement.

All remedies of the Bondsman may be exercised separately or concurrently in the discretion of the Bondsman. The proceeds of the collection, sale or other disposition of the collateral or real property shall be applied first to the costs and the attorney's fees of enforcing the terms of this Agreement and then, to the amounts owing under this Agreement. The balance, if any, shall be paid to the Surety.

(6)   Security Interest: As security for the prompt payment by the Surety when due of all obligations arising under this Agreement, the Surety hereby pledges, assigns, transfers and grants to the Bondsman a continuing security interest in and lien upon the following described collateral ("Collateral"):

All real and personal property, including but not limited to bank accounts, certificates of deposit, money market accounts, stocks, bonds, negotiable instruments, cash, furnishings, appliances, etc.

The Surety shall cooperate with the Bondsman with respect to perfection of the aforesaid security interest, and hereby appoints the Bondsman as the Surety's agent for the purpose of executing all documents and taking whatever actions are necessary to perfect the aforesaid security interest. The Security shall execute and deliver to the Bondsman all documents that the Bondsman reasonably considers necessary to perfect and maintain the aforesaid security interest.

(7)   Mortgage: If requested, the Surety shall execute and deliver to the Bondsman a mortgage in real property in the form requested by the Bondsman.

(8)   Binding on Assigns, etc.: This Agreement is binding upon the successors and assigns of the parties hereto.

(9)   Venue and Jurisdiction: Any disputes arising from the terms of this Agreement shall be heard by a court with its situs in Berks County, State of Pennsylvania, or the Eastern District of Pennsylvania, with the exception of any action brought pursuant to the mortgage referred to in paragraph 7 hereof, in which case such suit shall be brought in the county in which the mortgaged premises is located.

(10)  No Oral Modification: No oral modification of the terms of this Agreement shall be effective, and the terms of this Agreement will be modified only by a written document signed by the Surety and the Bondsman.

The parties hereto have set forth their hands and seals as of the date and year first above written.

SURETY: _Arnold S RAMIREZ_ (SEAL)

18 Howard St. 2nd Floor
New Brunswick N.J.
08901

Address of Surety

BONDSMAN: _____ (SEAL)

CAPITAL
BONDING
CORPORATION

525 Penn Street
Reading, PA 19601



CAPITAL BONDING CORPORATION
525 Penn Avenue
Reading, PA 19601

Phone: (610) 921-2242
(800) 221-9894
Fax: (610) 372-4076

This is a Promissory Note that only goes into effect in the event that this bail bond should be forfeited or breached by the county or state in which it has been posted.

$ 65,000

Pueble Ramirez after date 9/We promise to pay to the order of Capital Bonding Corporation

Sixty Five Thousand Dollars

January 3, 2000 19

Payable at 525 Penn Street, Reading, Pennsylvania 19601

Without defalcation, value received, with interest

And further, 9/We do hereby empower any Attorney of any Court of Record within the United States or elsewhere to appear for myself/ourselves and after one or more declarations filed, confess judgement against myself/ourselves as of any term for the above sum with Costs of suit and Attorney's commission of (5%) five percent for collection and release of all errors and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon is also hereby expressly waived and no benefit of exemption to claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

Witness My/Our hand and seal
Defendant  Jose Alexander                    (SEAL)
Bond No. 6600 1127546 Due on Demand

Joselly Ramirez                    (SEAL)
Address: 1k Howard St 2nd floor
City: New Brunswick State: NJ Zip: 08901

06/29/2001 12:39 1610█████165 CAPITAL BONDIN█ ORP PAGE 09

Case 01-58890-RTL Doc 1 Filed 07/30/01 Entered 07/30/01 15:01:00 Desc
Converted from ECMA (1002█████) Page 17 of 37

SUPERIOR COURT OF NEW JERSEY
CRIMINAL DIVISION
MIDDLESEX

NOTICE OF BAIL FORFEITURE FOR SURETY
NOTICE DATE: 05/11/2000

245852

CRIMINAL DIVISION
CRIMINAL CASE MANAGEMENT
P.O. BOX 2631
NEW BRUNSWICK, NJ 08903

IN THE MATTER OF STATE
vs.
JESSE ALEXANDER

THE COURT RECORDS INDICATE THAT YOU POSTED BAIL FOR THE ABOVE DEFENDANT IN THE AMOUNT OF $65,000.00 BOND. THE DEFENDANT FAILED TO APPEAR IN COURT ON 05/05/2000. THE HONORABLE JUDGE _____ HAS ORDERED THE ABOVE CAPTIONED BAIL BE FORFEITED AND A WARRANT ISSUED.

IF THE DEFENDANT IS RETURNED TO HAVE THE FORFEITURE SET ASIDE WITHIN 45 CALENDAR DAYS OF THE NOTICE DATE, OR UNLESS YOU EXERCISE THE JUDGMENT WITHIN THE COURT, YOU CAN CONTACT THE CRIMINAL DIVISION OFFICE TO FILE A WRITTEN NOTICE OF OBJECTION TO THE BAIL FORFEITURE. YOU WILL REQUIRE YOU TO COME TO THE CRIMINAL DIVISION MANAGER'S OFFICE TO ARRANGE TO RETURN THE DEFENDANT INTO CUSTODY.

BAIL NUMBER: MID-00181.69
REFERENCE NO: 1214-00-00-002591.

CRIMINAL RECORDS
CRIMINAL CASE MANAGEMENT
P.O. BOX 2631
NEW BRUNSWICK, NJ 08903
CONTACT PHONE NUMBER (732) 981-3141

PLEASE CALL 9:00 AM TO 4:00 PM ANY BUSINESS DAY

CC: COUNTY COUNSEL

INS CO LENION
505 PENN ST
READING, PA 19601

READING, PA 19601





CAPITAL BONDING CORPORATION  12/08
GENERAL ACCOUNT
525 PENN ST.
READING, PA 1960

THE FIRST NATIONAL BANK
OF LEESPORT
60-1219/313

09323

12/08/2000

PAY TO THE
ORDER OF          STATE OF NEW JERSEY BAIL FUND          $ ***65,000.00*

*SIXTY-FIVE THOUSAND AND XX / 100          DOLLARS

STATE OF NEW JERSEY BAIL FUND
C/O SAM SILVER
525 MILLTOWN ROAD
NORTH BRUNSWICK, NJ

MEMO

⑈009123⑈

CAPITAL BONDING CORPORATION / GENERAL ACCOUNT          09323

| DATE | INVOICE NO | COMMENT | AMOUNT | DISCOUNT | NET AMOUNT |
|------|-----------|---------|--------|----------|------------|
| 12/08/2000 | 175426 | ROSE-ALEXANDER LIC-100-1175426 | 65,000.00 | 0.00 | 65,000.00 |

PAYMENT OF FORFEITURE/JUDGMENT

CHECK....009323----12/08/2000----STATE OF NEW JERSEY BAIL FUND          CHECK TOTAL:          65,000.00

In re:  **Amable RAMIREZ**                              Debtor(s)      Case No.              (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

1072 • 1991 JULIUS BLUMBERG, INC., NYC 10013

In re:  Amable RAMIREZ                                    Debtor(s)        Case No.                    (if known)

# SCHEDULE H - CODEBTORS

☒  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

3072 © 1991 JULIUS BLUMBERG, INC., NYC 10013

Form B6I (6-90)

In re:   **Amable RAMIREZ**                              Debtor(s)        Case No.                    (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: married | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES          none | AGE | RELATIONSHIP |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | Ther-apedic Sleep Products | |
| How long employed | | |
| Address of Employer | 1375 Jersey Ave. North Brunswick NJ 08901 | |

Income:   (Estimate of average monthly income)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ | 1551.16 | $ |
| Estimate monthly overtime | | 00.00 | |
| SUBTOTAL | $ | 1551.16 | $ |

LESS PAYROLL DEDUCTIONS

a. Payroll taxes and social security   $309.81
b. Insurance   n/a
c. Union dues   $23.10
d. Other (Specify)

| | | | | |
|---|---|---|---|---|
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 413.10 | $ | |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 1218.25 | $ | |

Regular income from operation of business or profession or farm
(attach detailed statement)   n/a
Income from real property   n/a
Interest and dividends   n/a
Alimony, maintenance or support payments payable to the debtor for the debtor's
use or that of dependents listed above.   n/a
Social security or other government assistance (Specify)

Pension or retirement income   n/a
Other monthly income (Specify)

| | | | | |
|---|---|---|---|---|
| TOTAL MONTHLY INCOME | $ | 1218.25 | $ | |

| TOTAL COMBINED MONTHLY INCOME | $ | (Report also on Summary of Schedules) |
|---|---|---|

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

3072 – 1991 JULIUS BLUMBERG, INC., NYC 10013

FOLD HERE · FOLD HERE

| Company 100-00686 | Location | Department 500 | Employee 1209 | Check # 18029 |
|---|---|---|---|---|
| Check Date: 6/08/01 | Period Ending: 6/06/01 WEEKLY | | | |

THER-A-PEDIC
SLEEP PRODUCTS, INC.
1375 JERSEY AVENUE
NORTH BRUNSWICK, NJ 08902

## AMABLE D. RAMIREZ

AMABLE D. RAMIREZ
18 HOWARD ST. 2ND
NEW BRUNSWICK, NJ  08901

SSN: 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
Home Lctn:
Home Dept:  500

Withholding Tax Information
Federal: M-00
NJ: M-00

| Description | Type | Rate | Hours or % | Current | Year to Date |
|---|---|---|---|---|---|
| **Earnings** | | | | | |
| UN RATE 1 | | 8.1500 | 18.50 | 150.78 | 6,751.28 |
| UN RATE 2 | | 5.2000 | 7.65 | 39.78 | 2,103.40 |
| HOLIDAY | | | | | 260.80 |
| TOTAL EARNINGS | | | | 190.56 | 9,115.48 |
| **Taxes** | | | | | |
| FEDERAL WITHHOLDING | | | | 9.98 | 939.38 |
| SOCIAL SECURITY | | | | 11.81 | 565.15 |
| MEDICARE | | | | 2.76 | 132.16 |
| NJ WITHHOLDING | | | | 2.86 | 140.10 |
| NJ DISABILITY | | | | 0.95 | 45.57 |
| NJ UNEMPLOYMENT | | | | 0.80 | 38.62 |
| TOTAL TAXES | | | | 29.16 | 1,860.98 |
| **Deductions** | | | | | |
| UNION DED | | | | -2.48 | -118.49 |
| HRLY U | | | | -0.37 | -17.20 |
| TOTAL DEDUCTIONS | | | | -2.85 | -135.69 |
| **Net Pay** | | | | 158.55 | 7,118.81 |

FOLD HERE · FOLD HERE

| Company | Location | Department | Employee | Check # |
|---|---|---|---|---|
| 100-00686 | | 500 | 1209 | 17961 |

**AMABLE D. RAMIREZ**

Check Date: 6/01/01 Period Ending: 5/30/01 WEEKLY

THER-A-PEDIC
SLEEP PRODUCTS, INC.
1375 JERSEY AVENUE
NORTH BRUNSWICK, NJ 08902

AMABLE D. RAMIREZ
18 HOWARD ST. 2ND
NEW BRUNSWICK, NJ 08901

SSN: 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
Home Lctn:
Home Dept: 500

Withholding Tax Information
Federal: M-00
NJ: M-00

| Description | Type | Rate | Hours | OT X | Current | Year to Date |
|---|---|---|---|---|---|---|
| **Earnings** | | | | | | |
| UN RATE 1 | | 8.1500 | 32.00 | | 260.80 | 6,600.50 |
| UN RATE 1 | | 12.2250 | 1.00 | 1.50 | 12.23 | |
| HOLIDAY | Hol | 8.1500 | 8.00 | | 65.20 | 260.80 |
| UN RATE 2 | | 5.2000 | 19.28 | | 100.26 | 2,063.62 |
| TOTAL EARNINGS | | | | | 438.49 | 8,924.92 |
| **Taxes** | | | | | | |
| FEDERAL WITHHOLDING | | | | | 47.17 | 929.40 |
| SOCIAL SECURITY | | | | | 27.19 | 553.34 |
| MEDICARE | | | | | 6.36 | 129.40 |
| NJ WITHHOLDING | | | | | 6.85 | 137.24 |
| NJ DISABILITY | | | | | 2.19 | 44.62 |
| NJ UNEMPLOYMENT | | | | | 1.86 | 37.82 |
| TOTAL TAXES | | | | | 91.62 | 1,831.82 |
| **Deductions** | | | | | | |
| UNION DED | | | | | -5.70 | -116.01 |
| HRLY U | | | | | -0.82 | -16.83 |
| TOTAL DEDUCTIONS | | | | | -6.52 | -132.84 |
| Net Pay | | | | | 340.35 | 6,960.26 |

FOLD HERE

FOLD HERE

DETACH CHECK HERE

( DETACH CHECK HERE )

# AMABLE D. RAMIREZ

| Company | Location | Department | Employee | Check # |
|---|---|---|---|---|
| 100-00686 | 500 | 500 | 1209 | 18248 |

Check Date: 6/29/01   Period Ending: 6/27/01 WEEKLY

THER-A-PEDIC
1375 JERSEY AVENUE
NORTH BRUNSWICK, NJ 08902

AMABLE D. RAMIREZ
18 HOWARD ST. 2ND
NEW BRUNSWICK, NJ 08901

SSN: 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
Home Lctn:
Home Dept: 500

## Withholding Tax Information

Federal: M-00
NJ: M-00

| Description Type | X | DT | Hours | Rate | Amount | Current | Year to Date |
|---|---|---|---|---|---|---|---|
| **Earnings** | | | | | | | |
| UN RATE 1 | | | 40.00 | 8.1500 | | 326.00 | 7,798.57 |
| UN RATE 1 | | | 3.00 1.50 | 12.2250 | | 36.68 | |
| UN RATE 2 | | | 17.40 | 5.2000 | | 90.48 | 2,379.42 |
| HOLIDAY | | | | | | | 260.80 |
| TOTAL EARNINGS | | | | | | 453.16 | 10,438.79 |
| **Taxes** | | | | | | | |
| FEDERAL WITHHOLDING | | | | | | 49.37 | 1,082.06 |
| SOCIAL SECURITY | | | | | | 28.10 | 647.20 |
| MEDICARE | | | | | | 6.57 | 151.35 |
| NJ WITHHOLDING | | | | | | 7.14 | 160.80 |
| NJ DISABILITY | | | | | | 2.27 | 52.19 |
| NJ UNEMPLOYMENT | | | | | | 1.92 | 44.22 |
| TOTAL TAXES | | | | | | 95.37 | 2,137.82 |
| **Deductions** | | | | | | | |
| UNION DED | | | | | | -5.89 | -135.69 |
| HRLY U | | | | | | -0.86 | -19.71 |
| TOTAL DEDUCTIONS | | | | | | -6.75 | -155.40 |
| Net Pay | | | | | | 351.04 | 8,145.57 |

In re: **Amable RAMIREZ**

Debtor(s)    Case No.                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---|
| Rent or home mortgage payment  (include lot rented for mobile home) | $ 400.00 |
| Are real estate taxes included?    ☐ Yes    ☐ No    Is property insurance included?    ☐ Yes    ☒ No | |
| Utilities  Electricity and heating fuel | $40.00 |
| Water and sewer | |
| Telephone | $25.00 |
| Other | |
| Home maintenance (repairs and upkeep) | |
| Food | $320.00 |
| Clothing | |
| Laundry and dry cleaning | $80.00 |
| Medical and dental expenses | $130.00 |
| Transportation (not including car payments) | $20.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $00.00 |
| Charitable contributions | |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | $00.00 |
| Life | $00.00 |
| Health | $00.00 |
| Auto | $115.00 |
| Other | |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) | |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
| Auto | $00.00 |
| Other | |
| Alimony, maintenance, and support paid to others | $00.00 |
| Payments for support of additional dependents not living at your home | $00.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $00.00 |
| Other | |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | $ 1130.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | $ |
| B. Total projected monthly expenses | $ |
| C. Excess income (A minus B) | $ |
| D. Total amount to be paid into plan each | $ |
| (interval) | |

3072 © 1991 JULIUS BLUMBERG, INC., NYC 10013

In re: *Amable RAMIREZ*

Debtor(s)        Case No.

(If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____ *23* ____ sheets, and that

(Total shown on summary page plus 1.)

they are true and correct to the best of my knowledge, information, and belief.

Date  *7/26/01*

Signature: X *Amable Ramirez*

Debtor

Date

Signature: _____

(Joint Debtor, If any)

(If joint case, both spouses must sign.)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ _____ (the president or other officer or an authorized agent of the corporation or a member or an

authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case,

declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and

that they are true and correct to the best of my knowledge, information, and belief.    (Total shown on summary page plus 1.)

Date

Signature: _____

(Pint or type name of Individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT                    DISTRICT OF    New Jersey

In re:  Amable RAMIREZ                            Debtor(s)              *Case No.*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. **If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

**DEFINITIONS**

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(30).

☐ None  **1. Income from Employment or Operation of Business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give AMOUNT and SOURCE (if more than one).

| | |
|---|---|
| 1218.25 net monthly | 2001 -$10,438.79 |
| | 2000 -$16,665.74 |
| | 1999-$14,987.96 |

☒ None  **2. Income Other than from Employment or Operation of Business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give AMOUNT and SOURCE.

**3. Payments to Creditors**

☒ None  a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR, DATES OF PAYMENTS, AMOUNT PAID and AMOUNT STILL OWING.

☒ None  b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT OWING.

**4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments**

☒ None  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING, COURT OR AGENCY AND LOCATION and STATUS OR DISPOSITION.

☒ None  b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year

immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF PROPERTY.

☒ None    5. Repossessions, Foreclosures, and Returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CREDITOR OR SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

6. Assignments and Receiverships

☒ None    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.

☒ None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CUSTODIAN, NAME AND LOCATION OF COURT, CASE TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF PROPERTY.

☒ None    7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON OR ORGANIZATION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT, and DESCRIPTION AND VALUE OF GIFT

☒ None    8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give DESCRIPTION AND VALUE OF PROPERTY, DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS and DATE OF LOSS.

☐ None    9. Payments Related to Debt Counseling or Bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Give NAME AND ADDRESS OF PAYEE, DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY.

$750.00 to Anna C. Little, Esq.

☒ None    10. Other Transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR, DATE, and DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED.

☒ None    **11. Closed Financial Accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF INSTITUTION, TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE and AMOUNT AND DATE OF SALE OR CLOSING.

☒ None    **12. Safe Deposit Boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY, DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURRENDER, IF ANY

☒ None    **13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR, DATE OF SETOFF and AMOUNT OF SETOFF.

☒ None    **14. Property Held for Another Person**

List all property owned by another person that the debtor holds or controls.
Give NAME AND ADDRESS OF OWNER, DESCRIPTION AND VALUE OF PROPERTY and LOCATION OF PROPERTY.

☒ None    **15. Prior Address of Debtor**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.
Give ADDRESS, NAME USED and DATES OF OCCUPANCY.

**Unsworn Declaration under Penalty of Perjury.**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____7/26/01_____   Signature of Debtor X _Amable Ramos_

Date _____   Signature of Joint Debtor (if any) _____

_____2_____ continuation sheets attached

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.

3076 3A ©1991 Julius Blumberg, Inc.

This info. is being furnished to IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if income is taxable and you fail to report it.

| a Control number | b Employer identification number | Form W-2 Wage and Tax Statement 2000 | OMB no. 1545-0008 | Dept. of Treas. - IRS 08-1918647 |
|---|---|---|---|---|
| P-100-00686 | 22-1628604 | Copy C For EMPLOYEE'S RECORDS (See Notice to Employee.) | | |

| c Employer's name, address, and ZIP code | 1 Wages, tips, other compensation 16665.74 | 2 Federal income tax withheld 1661.17 |
|---|---|---|
| THER-A-PEDIC SLEEP PRODUC 1375 JERSEY AVE. NORTH BRUNSWICK, NJ 08902 | 3 Social security wages 16665.74 | 4 Social security tax withheld 1033.27 |
| | 5 Medicare wages and tips 16665.74 | 6 Medicare tax withheld 241.64 |
| | 7 Social security tips 0.00 | 8 Allocated tips |

| d Employee's social security number | 10 Dependent care benefits | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|---|
| 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 | 13 See instr. for box 13 | 14 Other NJ SDI 83.32 NJ SUI 70.75 | |

| e Employee's name, address, and ZIP code 1209 |
|---|
| AMABLE D RAMIREZ 18 HOWARD ST. 2ND NEW BRUNSWICK, NJ 08901 |

15 Statutory employee  Deceased  Pension plan  Legal rep.  Deferred compensation

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NJ | 221-928-604/00 221-928-604/00 | 16665.74 | 252.21 | | | |



11866.96 | 1080.55

| Social security wages | 4 Social security tax withheld |
|---|---|
| 11866.96 | 735.75 |
| Medicare wages and tips | 6 Medicare tax withheld |
| 11866.96 | 172.07 |

| Control Number | Dept | Corp | Employer use only |
|---|---|---|---|
| 01209 5FQ | 500 | A | 94 |

Employer's name, address, and ZIP code

IER-A-PEDIC SLEEP
RDCTS, INC.
75 JERSEY AVE
ORTH BRUNSWICK NJ 08902

Batch #00461

| Employer's FED ID number | d Employee's SSA number |
|---|---|
| 22-1626604 | 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 |
| Social security tips | 8 Allocated tips |
| Advance EIC payment | 10 Dependent care benefits |
| Nonqualified plans | 12 Benefits included in box 1 |
| See instrs. for box 13 | 14 Other |
| | 59.33 NJ DI |
| | 50.43 UI/HC/WF |

| Stat emp. | Deceased | Pension plan | Legal rep | Deferral comp. |
|---|---|---|---|---|

Employee's name, address and ZIP code

AABLE D RAMIREZ
HOWARD STREET 2ND
W BRUSNWICK,NJ 08901

| State | Employer's state ID no | 17 State wages, tips, etc. |
|---|---|---|
| IJ | 221628604/000 | 11866.96 |
| State income tax | 18 Locality name |
| 179.33 | |
| Local wages, tips, etc. | 21 Local income tax |

**This blue Earnings Summary section is included with your W-2 to help describe portions in more detail.
The reverse side includes general information that you may also find helpful.**

1. The following information reflects your final 1999 pay stub plus any adjustments submitted by your employer.

| Gross Pay | 11866.96 | Social Security Tax Withheld Box 4 of W-2 | 735.75 | N.J. State Income Tax Box 18 of W-2 | 179.33 |
|---|---|---|---|---|---|
| | | | | SUI/SDI Box 14 of W-2 | 109.76 |
| Fed. Income Tax Withheld Box 2 of W-2 | 1080.55 | Medicare Tax Withheld Box 6 of W-2 | 172.07 | | |

2. Your Gross Pay Was Adjusted as follows to produce your W-2 Statement.

| | Wages, Tips, other Compensation Box 1 of W-2 | Social Security Wages Box 3 of W-2 | Medicare Wages Box 5 of W-2 | N.J. State Wages, Tips, Etc. Box 17 of W-2 |
|---|---|---|---|---|
| Gross Pay | 11,866.96 | 11,866.96 | 11,866.96 | 11,866.96 |
| Reported W-2 Wages | 11,866.96 | 11,866.96 | 11,866.96 | 11,866.96 |

3. Employee W-4 Profile. To change your Employee W-4 Profile Information, file a new W-4 with your payroll dept.

AMABLE D RAMIREZ
18 HOWARD STREET 2ND
NEW BRUSNWICK,NJ 08901

Social Security Number   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
Taxable Marital Status.    MARRIED

Exemptions/Allowances:
FEDERAL:  0
STATE:    0    Table B

© 1999 AUTOMATIC DATA PROCESSING, INC

Julius Blumberg, Inc, NYC 10013

**UNITED STATES BANKRUPTCY COURT**                                **DISTRICT OF**

In re: '                                      Debtor(s)      Case No.
                                                             Chapter

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.
2. My intention with respect to the property of the estate which secures those consumer debts is as follows:

   a. *Property to Be Surrendered.*   none

| Description of property | Creditor's name | H,W or J |
|---|---|---|

   b. *Property to Be Retained (Specify Reaff'd, Red'd or Exempt to state debtor's intention concerning reaffirmation, redemption, or lien avoidance\*.)*

| Description of property | Creditor's name | Reaff'd<br>Red'd<br>Exempt |
|---|---|---|
| Clothing | | |
| Bed and Dresser | | |
| Television | | |
| Car | | |
| Radio | | |

3. I understand that § 521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

Date:                                          X *Anable Ramire*
                                               Signature of Debtor

\* **Reaff'd** - Debt will be reaffirmed pursuant to § 524(c)

   **Red'd** - Property is claimed as exempt and will be redeemed pursuant to § 722

   **Exempt** - Lien will be avoided pursuant to § 522(f) and property will be claimed as exempt

                                            Signature of Debtor

3073 – 1991 JULIUS BLUMBERG, INC., NYC 10013

**UNITED STATES BANKRUPTCY COURT**                    **DISTRICT OF** New Jersey

In re  Amable RAMIREZ                    Debtor(s)        Case No.              (If Known)

## CHAPTER 13 PLAN

*(If this form is used by joint debtors wherever the word "debtor" or words referring to debtor are used they shall be read as if in the plural.)*

1. The future earnings of the debtor are submitted to the supervision and control of the trustee and the *debtor — debtor's employer* shall pay to the trustee the sum of $ _____ *weekly — bi-weekly — semi-monthly — monthly*  for a period of

2. From the payments so received, the trustee shall make disbursements as follows:

   *(a)* Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

   *(b)* Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   n/a

   *(c) Subsequent to — pro rata with* dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

3. The following executory contracts of the debtor are rejected:

Title to the debtor's property shall revest in the debtor *on confirmation of a plan — upon dismissal of the case after confirmation pursuant to 11 U.S.C. §350.*

Dated: _____        _____        _____
                                        *Debtor*                                *Debtor*

Acceptances may be mailed to..... ...................    ...............................................        ..............................................................
                                                                                    *Post Office Address*

© 1991 JULIUS BLUMBERG, INC., NYC 10013

UNITED STATES BANKRUPTCY COURT                    **DISTRICT OF**   New Jersey

In re   Amable RAMIREZ                      Debtor(s)      Case No.           (If Known)

## STATEMENT
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.
(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:
   (a) for legal services rendered or to be rendered in contemplation of and in connection
      with this case        $ 750.00
   (b) prior to filing this statement, debtor(s) have paid    $ 375.00
   (c) the unpaid balance due and payable is    $ 375.00
(3) $       of the filing fee in this case has been paid.
(4) The services rendered or to be rendered include the following:
   (a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   (c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and

      none other

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

      none other

(7) The undersigned has received no transfer, assignment or pledge of property excecpt the following for the value stated:

      none

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:

      noy applicable.

**Dated:**                    Respectfully submitted, ......................................................      *Attorney for Petitioner*

*Attorney's name and address.......................*     ...................................................................................

* 1991 JULIUS BLUMBERG, INC., NYC 10013

BK 122
(8/84)

# United States Bankruptcy Court

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S)

If you intend to file a petition for relief under the bankruptcy laws of the United States, and your debts are primarily consumer debts, the Clerk of Court is required to notify you of each chapter of the Bankruptcy Code under which you may seek relief. You may proceed under:

> **Chapter  7**—Liquidation, or
> **Chapter 11**—Reorganization, or
> **Chapter 13**—Adjustment of Debts of an Individual
> with Regular Income

If you have any questions regarding the information contained in this notice, you should consult with your attorney.

**Clerk of Court**

## ACKNOWLEDGMENT

I hereby certify that I have read this notice.

DATED: _____7/26/01_____

x_Annette Gamies_
Debtor

_____
Joint Debtor, if any

**INSTRUCTIONS:** _If the debtor is an individual, a copy of this notice personally signed by the debtor must accompany any bankruptcy petition filed with the Clerk. If filed by joint debtors, the notice must be personally signed by each. Failure to comply may result in the petition not being accepted for filing._

3092 Clerk's notice, 10-84

Capitol Bonding Corp.
Collection Dept.
525 Penn Street
Reading, PA 19601

# Anna C. Little, Esq.

### Attorney at Law

c/o John A. Tunney, Esq.
300 Kimball Street, suite 106
Woodbridge, NJ 07095
(732) 636-4900 telephone
(732) 636-3755 facsimile

July 26, 2001

Clerk of the Bankruptcy Court
United States Courthouse
402 East State Street
Trenton NJ 08608

RE:  Amable RAMIREZ
     SS# 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

Dear Clerk:

Enclosed please find original and six copies of Petition for
Bankruptcy in the above referenced matter.  Enclosed also find
original and six(6) copies of creditor's matrix and check in
amount of $200.00 for payment of your filing fee.

Kindly mark one copy "filed" with the date of filing and return in
the enclosed return envelope.

Thank you in advance for your cooperation.

Very Truly Yours,

Anna C. Little, Esq.

VIA FEDERAL EXPRESS
cc: Amable RAMIREZ